IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Singletary, ) | Civil Action No.: 2:23-6086-BHH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Isaac Cramer, Keith Rossoen, ) | |
| Thomas James Lee, Asten Johnson, ) | |
| Charleston County Election, and ) | |
| Others To Be Named, All Jointly and ) | |
| Severally, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff John Singletary, proceeding *pro se* ("Plaintiff"), filed this employment discrimination action against their former employer, Berkeley Electric Cooperative ("Defendant") in the Magistrate's Court for Charleston County. (ECF No. 1-1.) On November 28, 2023, Defendants removed the action to this Court. (ECF No. 1.) On December 5, 2023, a motion to dismiss was filed by Defendants Isaac Cramer, Thomas James Lee, and Board of Voter Registration & Elections of Charleston County ("BVRE"), and a motion to dismiss was also filed by Defendants Keith Rossomme and AstenJohnson, Inc. (ECF Nos. 32 and 36.) In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., these matters were referred to a United States Magistrate Judge for preliminary review.

On May 10, 2024, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant both motions to dismiss and dismiss this case in full. (ECF No. 45.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough and well-analyzed findings. **Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 45); the Court grants both motions to dismiss filed by Defendants (ECF Nos. 32, 36); and the Court dismisses this case in full.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 30, 2024
Charleston, South Carolina